**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| KATHERINE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  6:11-1587-JMC |
| vs. ) | |
| ) | |
| AFNI, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, KATHERINE SMITH, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, AFNI, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.  This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.  Plaintiff is an individual who was at all relevant times residing in Simpsonville, South Carolina.

4.  Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Illinois, which is licensed to do business in South Carolina and which has its principal place of business in Bloomington, Illinois.

## ALLEGATIONS

8. During or about December of 2010, Defendant's representatives and/or employees began contacting Plaintiff by telephone numerous times in attempts to collect the aforementioned alleged debt, which Defendant's representatives and/or employees stated was owed by a woman named Krystal Smith.

9. Defendant's representatives and/or employees continued to contact Plaintiff by telephone in attempts to collect the aforementioned alleged debt even after Plaintiff notified the callers that Krystal Smith did not live with Plaintiff. Plaintiff repeatedly advised Defendant's representatives and/or employees that Krystal Smith could not be reached at Plaintiff's telephone number and requested that Defendant stop calling, but Defendant kept placing collection calls to Plaintiff through at least April 1, 2011.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

      a.    Communicating with a person other than the alleged debtor more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

      b.    Communicating with someone other than the alleged debtor in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

      c.    Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5); and

      d.    By acting in an otherwise deceptive, unfair and unscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer mental anguish and emotional distress.

WHEREFORE, Plaintiff, KATHERINE SMITH, respectfully prays for a judgment against Defendant as follows:

      a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

      b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Federal Bar ID No. 9537
Attorney for Plaintiff
Luxenburg & Levin, LLC
600 Columbia Avenue
Lexington, SC 29072
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com

4